[Cite as *One Energy v. Allen Twp. Bd. of Trustees*, 2026-Ohio-405.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HANCOCK COUNTY

ONE ENERGY ENTERPRISES INC.,
ET AL.,

      CASE NO. 5-25-02

      PLAINTIFFS-APPELLANTS/
      CROSS-APPELLEES,

  v.

BOARD OF ALLEN TOWNSHIP
TRUSTEES OF HANCOCK COUNTY,      J U D G M E N T
      E N T R Y

      DEFENDANT-APPELLEE/
      CROSS-APPELLANT.

ONE ENERGY ENTERPRISES INC.,
ET AL.,

      CASE NO. 5-25-03

      PLAINTIFFS-APPELLANTS/
      CROSS-APPELLEES,

  v.

BOARD OF ALLEN TOWNSHIP
TRUSTEES OF HANCOCK COUNTY,      J U D G M E N T
      E N T R Y

      DEFENDANT-APPELLEE/
      CROSS-APPELLANT.]

**Appeals from Hancock County Common Pleas Court
Trial Court Nos. 2024 CV 00038 and 2024 CV 00161**

**Judgments Affirmed**

**Date of Decision: February 9, 2026**

**APPEARANCES:**

*Marion H. Little*, *Jr.* for Appellants/Cross Appellees

*Teresa L. Grigsby* for Appellee/Cross Appellant

**WALDICK, J.**

{¶1} Plaintiffs-appellants/cross-appellees, One Energy Enterprises, Inc., et al ("One Energy")[1], bring these appeals from the December 30, 2024 judgments of the Hancock County Common Pleas Court finding that defendant-appellee/cross-appellant, Board of Allen Township Trustees, ("the Board")[2], violated the Open Meetings Act in some respects, but not in others. The Board cross-appeals, arguing that the trial court erred by determining that it violated the Open Meetings Act. For the reasons that follow, we affirm the judgment of the trial court.

---

[1] Additional plaintiffs-appellants/cross-appellees consist of entities that have land interests in Allen Township.
[2] The Board is comprised of three trustees and a fiscal officer.

*Background*

**{¶2}** Historically, Allen Township in Hancock County has had no zoning laws in place. In late 2023, One Energy[3] was making plans to construct additional wind turbines in Allen Township to, *inter alia*, provide power to the Whirlpool manufacturing facility. Around this time, Allen Township residents made inquiries with the Board regarding zoning.

**{¶3}** One Energy petitioned a separate public body, the Hancock County Board of Commissioners, to rename Township Road 215 in Allen Township to "Electric Avenue." One Energy's petition was heard in an open, daytime meeting of the Hancock County Commissioners on December 5, 2023. Without convening a public meeting, the Board decided to attend the Hancock County Commissioners' meeting and oppose renaming Township Road 215.

**{¶4}** Later that same day, December 5, 2023, the Board met for its regularly scheduled meeting.[4] Numerous Allen Township residents attended the meeting and expressed concerns about the expansion of wind turbines in Allen Township. The subject of zoning was raised to potentially regulate such activity.

**{¶5}** Allen Township's legal counsel detailed the steps that would have to be taken before zoning could be placed on a ballot for a vote, which included the establishment of a "zoning commission." The trustees on the Board would appoint

---

[3] One Energy is a Delaware corporation with its principal place of business in Hancock County, Ohio.
[4] The Board generally met on the first Tuesday of each month.

the five members of the commission. Statutorily, the only requirement to serve on the commission was to be a resident of the township. R.C. 519.04(A). Several people volunteered to be on the zoning commission.

{¶6} Some discussion occurred after the meeting concluded concerning who might serve on the commission or what desirable traits would be for people serving on the commission such as geographic diversity in the township. However, no decisions were made that evening and a "special meeting" was scheduled to be held by the Board on December 20, 2023, to consider, *inter alia*, zoning. Over the course of the following days, some members of the Board exchanged potential names of candidates for the zoning commission via text messages.

{¶7} On December 18, 2023, notice was published in the Findlay Courier regarding the special meeting to be held on December 20, 2023. The special meeting notice indicated that there will be "two resolutions (zoning and marijuana)" for consideration, in addition to some other unrelated matters.

{¶8} Many residents attended the special meeting of the Board on December 20, 2023. At the meeting, the Board moved to proceed with zoning and establish a zoning commission pursuant to R.C. 519.04. Without discussion, the proposal to proceed with zoning was seconded and adopted. A second resolution establishing a zoning commission also passed without discussion. Public comment was not solicited.

**{¶9}** On January 26, 2024, One Energy filed a complaint in trial court case 2024-CV-38. The complaint sought declaratory relief against the Board alleging that the Board had violated the Open Meetings Act pursuant to R.C. 121.22. One Energy alleged that the Board did not provide proper notice of the special meeting, that the Board failed to conduct all its deliberations in an open meeting, that the Board failed to timely prepare minutes from its December 5, 2023 meeting, and that the Board had failed to properly adopt rules regarding notices.

**{¶10}** On February 6, 2024, the Board met in a regular session and adopted a revised policy to schedule and provide notice for township meetings fearing the original rule was lost or destroyed. The Board also voted to rescind both the zoning resolution and the resolution establishing a zoning commission on December 20, 2023, which were the subjects of One Energy's initial complaint in trial court case 2024-CV-38. Further, the minutes from the meeting reflect that the township's attorney recommended that the Board require the residents of Allen Township to petition for zoning.

**{¶11}** The Board next met on March 5, 2024, for a regular meeting. At the meeting, 9 petitions were presented with a total of 141 signatures requesting that the Board put forth a motion to place zoning for the unincorporated areas of Allen Township on the ballot. The petitions were certified by the Hancock County Board of Elections on February 26, 2024. The Board instructed the township attorney to prepare the necessary resolution for zoning for the next scheduled meeting.

**{¶12}** On April 1, 2024, a protest was filed against the certification of the Hancock County Board of Elections placing zoning on the November ballot.

**{¶13}** On April 2, 2024, the Board held its regular monthly meeting. Minutes from the meeting indicated that the Board discussed unrelated matters from 7 pm to 8 pm, then the Board voted to move into executive session to discuss pending litigation. When the meeting reconvened eight minutes later, the Board moved to proceed with zoning. Despite the petitions that had been submitted, the Board elected to proceed with zoning through their own resolution. A resolution was adopted related to zoning and another resolution was passed establishing a new zoning commission.

**{¶14}** After the conclusion of the monthly Board meeting, the newly appointed zoning commission members gathered. A number of concerned citizens also remained to attend the meeting. At one point, one of the zoning commission members had to ask the audience members to lower their voices, but it was only momentarily successful. One Energy's president/CEO was present at the meeting and he claimed his efforts to film the proceedings were thwarted by a resident who was acting in concert with one of the newly appointed zoning commission members.

**{¶15}** On April 18, 2024, One Energy filed a second complaint in trial court case 2024-CR-161 for a declaratory judgment against, *inter alia*, the Board, alleging breaches of Ohio's Open Meetings Act. The complaint alleged that the Board failed to conduct all deliberations in public, particularly deliberations with respect to who

would be selected for the zoning commission and the criteria that was used to select the members.

**{¶16}** Discovery was exchanged and numerous depositions were taken. Some parties and issues were dismissed from the pending cases. All remaining issues and parties proceeded to a trial on August 14-15, 2024, and November 7, 2024. After the conclusion of the trial, the parties submitted closing briefs with written findings of fact and conclusions of law. Notably, in One Energy's closing brief and at the final hearing, One Energy indicated specifically that it was *not* seeking statutory damages, attorney's fees, or costs from the Board; rather, One Energy was seeking compliance with the Open Meetings Act, declarations that the Board had violated the Open Meetings Act, and the invalidation of the April 2024 zoning commission.

**{¶17}** On December 30, 2024, the trial court issued a final judgment entry in both cases. In its entries, the trial court determined that it was improper for the Board to take an official position against renaming of Township Road 215 to "Electric Avenue" on December 5, 2023, without discussing the matter in an open meeting. The trial court also determined that the Board engaged in a nonpublic gathering that violated the Open Meeting Act on December 5, 2023 when the Board members remained after the meeting concluded to discuss informal qualifications for zoning board members.

{¶18} However, the trial court rejected multiple claims made by One Energy. The trial court determined that the notice of the special meeting to be held on December 20, 2023, was sufficient and that the Board prepared meeting minutes for December 5, 2023, in a timely manner. The trial court also determined that during the April 2, 2024, meeting, the Board took the necessary steps to invoke an executive session to discuss One Energy litigation. Ultimately the trial court determined that there was not sufficient evidence to establish that the Board arrived at the decision to proceed with zoning as a result of nonpublic deliberations.

{¶19} Based on its factual and legal conclusions, the trial court concluded that the Board engaged in unlawful discussions concerning the road renaming controversy and "the official position of the trustees to oppose the road name change request was declared invalid." (2024-CV-38, Doc. No. 79); (2024-CV-161, Doc. No. 66). Further, the trial court held, "that evidence does not support the invalidation of the actions of the trustees taken on April 2, 2024 to proceed with zoning and appoint a revised zoning commission nor their work to develop a zoning plan." (*Id.*) Nevertheless, the trial court determined that due to the Board's violations, the Board's trustees "are prospectively enjoined from engaging in private discussions of public matters in derogation of R.C. § 121.22." (*Id.*)

{¶20} Both parties now appeal the trial court's judgment. One Energy asserts the following assignments of error for our review.

**One Energy's First Assignment of Error**

**The trial court erred in failing to issue declaratory and injunctive relief on [One Energy's] . . . claims against [] the Board . . . for violation of Ohio's Open Meetings Act . . . even though the trial court found multiple OMA violations.**

**One Energy's Second Assignment of Error**

**The trial court erred in failing to find the April Zoning Resolution and Zoning Commission resolution invalid because it was predicated upon criteria the Township Board unlawfully deliberated in private.**

The Board cross-appeals, asserting the following assignments of error for our review.

**Board's First Assignment of Error**

**The trial court erred in finding as fact that discussions about public issues occurred among the Allen Township Trustees after the Trustees' December 5, 2024 regular meeting.**

**Board's Second Assignment of Error**

**The trial court erred in finding that the Trustees violated the Act when a single Trustee expressed opposition at a public meeting of the Hancock County Board of Commissioners to a proposal made by One Energy to rename a road within the Township as "Electric Avenue."**

**Board's Third Assignment of Error**

**The trial court erred in finding that a prospective injunction should be issued against the Township as a result of its erroneous finding that the Trustees' discussions following the December 5, 2024 regular meeting amounted to deliberations about public issues in a non-public meeting, or as a result of the unpled, untried and invalid claim that the Trustees deliberated in a non-public meeting concerning the road name change.**

-9-

{¶21} We will begin our analysis by discussing the standards of review, then the Open Meetings Act generally. Next, we will address the Board's assignments of error because the Board's alleged errors concern whether violations of the Open Meetings Act occurred. After determining that the trial court was correct in finding that there were violations of the Open Meetings Act, we will proceed to address One Energy's assignments of error regarding whether the remedies for the Board's violations were appropriate.

## Standards of Review

{¶22} The Supreme Court of Ohio has indicated that interpreting provisions of R.C. 121.22, the Open Meetings Act, is a question of law, which we review de novo. *Look Ahead Am. v. Stark Cnty. Bd. Of Elections*, 2024-Ohio-2691, ¶ 15. However, the decision to grant or deny an injunction is generally within the discretion of the trial court, and we review that issue under an abuse of discretion standard. *State ex rel. Pelmear v. Henry Cnty. Land Reutilization Corp.*, 2025-Ohio-4998, ¶ 24, citing *Ames v. Rootstown Twp. Bd. Of Trustees*, 2022-Ohio-4605, ¶ 21 (explaining that "when a trial court is faced with multiple violations of the OMA, it is required to issue injunctive relief [under R.C. 121.22(I)(1)] but it has discretion in setting the terms of that relief"). An abuse of discretion suggests that the trial court's decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

The Open Meetings Act

**{¶23}** Ohio's Open Meetings Act ensures government transparency, providing that "[a]ll meetings of any public body are declared to be public meetings open to the public at all times." R.C. 121.22(C). It is undisputed in this case that the Board constitutes a "public body" for purposes of the Open Meetings Act. "Meeting" is defined as "any prearranged discussion of the public business of the public body by a majority of its members." R.C. 121.22(B)(2).

**{¶24}** The Open Meetings Act sets forth specific, non-discretionary remedies that a court must impose upon proof of a violation. For instance, R.C. 121.22(I)(1) indicates that upon proof of a violation of the Open Meetings Act, the trial court "shall issue an injunction" to force the public body to comply with the law. Nevertheless, the trial court maintains some discretion in crafting the injunctive relief. *Pelmear* at ¶ 30, citing *Ames* at ¶ 20.

*Board's Second Assignment of Error[5]*

**{¶25}** In the Board's second assignment of error, it argues that the trial court erred by determining that the Board violated the Open Meetings Act when the Board attended a meeting of the Hancock County Commissioners on December 5, 2023, and opposed renaming of Township Road 215. In support of its position, the Board

---

[5] We address the Board's assignments of error out of the order in which they were raised for ease of discussion.

argues that the claimed violation was not pled by One Energy in either complaint, and the issue was not tried with "implied consent."

{¶26} By contrast, One Energy argues that its complaints generally alleged that the Board violated the Open Meetings Act, which would encompass this violation, particularly given the liberal pleading requirements of Civ. R. 8. Further, One Energy argues that, in any event, the issue was tried with implied consent given that it was brought up in One Energy's opening statements, then fully litigated by the parties through examination of witnesses and the presentation of exhibits.

{¶27} After reviewing the record and the arguments of the parties, we agree with One Energy on this issue. As a "notice-pleading" state, Ohio does not require a plaintiff to plead operative facts with particularity. *Bethel Oil & Gas, LLC v. Redbird Dev.*, 2024-Ohio-5285, ¶ 38 (4th Dist.). Here, One Energy alleged violations of the Open Meetings Act and the matter of the Board's opposition to the renaming of Township Road 215 was fully litigated at trial. There was no surprise here, and we find no error with the trial court addressing this issue.

{¶28} Moreover, we find no error with the trial court's ultimate conclusion that the Board violated the Open Meetings Act by taking an official position against renaming Township Road 215 without discussing it in an open, official meeting. Although the Board argues that the evidence did not support a finding that the Board engaged in improper discussions on this issue, there is clear evidence to support the trial court's decision.

{¶29} The chairman of the Board at the time of the December 5, 2023, meeting specifically testified that he had discussions on the phone with the other Board members regarding opposing the renaming of Township Road 215. He acknowledged that these discussions were not in an open meeting. Further, he acknowledge that he stood up at the meeting of the Hancock County Commissioners and communicated the "Board's position" on renaming the Township Road.

{¶30} Although there may have been some arguably conflicting testimony from the other Board members, we can find no error here with the trial court's determination that the Board violated the Open Meetings Act by deciding to take a position on renaming Township Road 215 without holding an open meeting. For all of these reasons, the Board's second assignment of error is overruled.

*Board's First and Third Assignments of Error*

{¶31} In the Board's first assignment of error, the Board argues that the trial court erred by determining that the Board violated the Open Meetings Act when the Board continued discussions about qualifications of potential zoning commission members after the December 5, 2023 meeting had concluded. Specifically, the Board argues that the discussions did not amount to "deliberations" about public issues in a non-public meeting. In its third assignment of error, the Board argues that the trial court erred by ordering a prospective injunction based upon the violation it determined occurred after the December 5, 2023 meeting.

**{¶32}** At the outset, we emphasize that R.C. 121.22(A) states that "[t]his section shall be liberally construed to require public officials to take official action and to conduct all deliberations upon official business only in open meetings unless the subject matter is specifically excepted by law."

**{¶33}** In its final judgment entries, the trial court determined that after the conclusion of the December 5, 2023 open Board meeting, the Board members remained to discuss "general qualifications of the slate of zoning commission members." (2024-CV-38, Doc. No. 79); (2024-CV-161, Doc. No. 66). The trial court noted that one witness denied that a meeting took place; however, the trial court determined that the greater weight of testimony supported a finding that a meeting did take place given the testimony of the chairman and other Board members. Further, the trial court determined the Board was not engaged in fact-finding or information collection but deliberations to adopt formal criteria for the selection of zoning commission members.

**{¶34}** Because the evidence supports the trial court's finding, we find no error with the trial court's determination that the Board violated the Open Meetings Act when it discussed criteria for selection of zoning commission members outside of a public setting. Simply put, although there are no specific criteria required beyond residency in the township to serve on a zoning commission, if the Board was going to utilize certain criteria, the public should have been made aware of the criteria through discussion in an open meeting of the Board. However, this does not

end our analysis because the Board also alleges in its third assignment of error that the remedy ordered by the trial court for the violation was unwarranted.

{¶35} As a result of the Board's violation, the trial court ordered that "the Trustees are prospectively enjoined from engaging in private discussions of public matters in derogation of R.C. §121.22." Although the Board argues this remedy was unwarranted, it was, in fact, required by R.C. 121.22(I)(1), which states, "Upon proof of a violation or threatened violation of this section in an action brought by any person, the court of common pleas shall issue an injunction to compel the members of the public body to comply with its provisions." As the trial court's remedy was fully in compliance with the mandates of R.C. 121.22, the Board's argument is not well-taken.

{¶36} As we have found no error with the trial court's decision finding the Board in violation of the Open Meetings Act, and no error with the remedy, the Board's first and third assignments of error are overruled.

*One Energy's First Assignment of Error*

{¶37} In One Energy's first assignment of error, it argues that the trial court erred by "failing to issue declaratory and injunctive relief" as required by R.C. 121.22 "even though the trial court found multiple OMA violations."

{¶38} Initially, we disagree with One Energy's assertion that the trial court failed to order injunctive relief in this matter. As discussed previously, the trial court

specifically enjoined the Board from engaging in private discussions of public matters in derogation of R.C. 121.22. One Energy thus was granted an injunction as mandated by R.C. 121.22(I)(1) for the Board's violation.

{¶39} One Energy argues that the trial court's injunction should have gone further and stricken the use of any criteria for potential zoning commission members because the criteria were discussed, at least in part, at a meeting in violation of the Open Meetings Act. We disagree.

{¶40} Although the trial court "shall" issue an injunction when a violation of the Open Meetings Act occurs pursuant to R.C. 121.22(I)(1), the trial court maintains some discretion as to the content of the injunction. *Pelmear*, *supra*, at ¶ 30, citing *Ames* at ¶ 20. Here, the trial court listed three specific reasons why it would not enjoin the use of some general qualifications discussed at the non-public meeting on December 5, 2023, while still admonishing the Board for its failure to conduct the meeting in public.

> First, the informal discussion did not lead to any official action that could be subject to invalidation.
>
> Second, the rescinding of the December 2023 zoning resolutions constitutes an intervening circumstances that breaks any causal link between the illegal December 20, [sic] 2023, meeting and the establishment of a new zoning commission in April 2024, especially in light of the change in the composition of the panel in 2024.
>
> Third, and most important, the criteria discussed by the Trustees were not unique. Had each trustee sat alone and conjured the best traits of a member of the commission, each could have arrived at criteria either identical or very similar. Ironically, using geographical diversity for

example, was designed to ensure a fair and thoughtful panel. This Court declines to enjoin the use of common sense.

(2024-CV-38, Doc. No. 79); (2024-CV-161, Doc. No. 66).

{¶41} We agree with the trial court that in this instance it is illogical to enjoin the Board from using some objectively desirable traits in zoning commission members. This is particularly true given that there are no requirements other than residency to be on the zoning commission. R.C. 519.04. The Board could have, in theory, taken the first five volunteers provided they were residents of the township. Instead, the Board discussed criteria for what would be the proper makeup of a zoning commission. When One Energy filed this lawsuit, the Board rescinded its resolution to establish a zoning commission so that a new zoning commission could be formed. This commission too could have been comprised of any five residents of the township pursuant to R.C. 519.04.

{¶42} Further, the rescission *did* break the causal link as suggested by the trial court. "Besides the act of deliberation, there must be proof of causation." *Springfield Local Sch. Dist. Bd. Of Educ. V. Ohio Ass'n of Pub. Sch Emples.*, *Local 530*, 106 Ohio App.3d 855 (9th Dist.). Although the rescission does not render the matter moot because a violation of the Open Meetings Act had occurred and One Energy was entitled to that declaration and some type of injunction to require the Board to comply with R.C. 121.22, *State ex rel. Bratenahl v. Village of Bratenahl*, 2019-Ohio-3233, ¶ 23, the violation does not mean that One Energy is entitled to

the exact injunctive remedy that it sought. Rather, the trial court was required under R.C. 121.22(I)(1) to issue an injunction to compel the members of the public body to comply with its provisions. This is precisely what the trial court did.

{¶43} In sum, as a trial court has discretion in fashioning its injunctive remedy and the trial court did issue a prospective injunctive remedy pursuant to R.C. 121.22 for the Board's violations, we find no error here, and One Energy's first assignment of error is overruled.

*One Energy's Second Assignment of Error*

{¶44} In One Energy's second assignment of error, it argues that the trial court erred by not issuing an injunction preventing the use of any desirable criteria for zoning commission members discussed after the December 5, 2023 meeting in the selection of the April 2024 zoning commission. One Energy argues that the criteria discussed after the meeting of the Board on December 5, 2023, became, essentially, "fruit of the poisonous tree" and thus tainted the criteria for any future use.

{¶45} The chief problem with One Energy's argument is that there generally are no statutory requirements to serve on the zoning commission beyond residency. The Board did not have to discuss qualifications to look for any particular composition. However, given that the Board was looking at the formation of specific criteria for the panel, the Board should have discussed the matter in public.

Nevertheless, we fail to see how the April 2024 zoning commission was tainted by any earlier discussions in December of 2023 given that it was a newly appointed panel.

{¶46} One Energy seems to argue that the "informal criteria" for selecting zoning commission members should be enjoined permanently from use by the Board, or at least for a significant period of time. This is illogical, as an entire new board could come up with the same desired traits *even though no specific traits are required to serve on the zoning commission.*[6] R.C. 519.04

{¶47} After reviewing the record, we agree with the trial court's conclusions and find no error with the trial court's determinations. Therefore, One Energy's second assignment of error is overruled.

*Conclusion*

{¶48} Having found no error prejudicial to One Energy or the Board, all of their assignments of error are overruled and the judgments of the Hancock County Common Pleas Court are affirmed.

***Judgments Affirmed***

**ZIMMERMAN, P.J. and WILLAMOWSKI, J., concur.**

---

[6] Notably, R.C. 519.04 provides a mechanism to remove members of the zoning commission for such things as "misconduct in office."

# **<u>JUDGMENT ENTRY</u>**

For the reasons stated in the opinion of this Court, the assignments of error are overruled and it is the judgment and order of this Court that the judgments of the trial court are affirmed with costs assessed to Appellant for which judgment is hereby rendered.  The causes are hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket.  See App.R. 30.

_____
Juergen A. Waldick, Judge


_____
William R. Zimmerman, Judge


_____
John R. Willamowski, Judge

DATED:
/jlm